In the Matter of MESTA MACHINE
COMPANY, Debtor.

Bankruptcy No. 83–319.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 30, 1985.

Frank J. Lucchino, Dennis J. Roman, Grogan, Graffam, McGinley & Lucchnio, P.C., Paul Whitehead, United Steelworkers of America, Pittsburgh, Pa., for United Steelworkers.

James A. Ashton, Pittsburgh, Pa., for Hourly Employees Committee.

James A. Lewis, James R. Farley, Rothman, Gordon, Foreman & Groudine, P.A., Pittsburgh, Pa., for John M. Silvestri.

Joseph J. Bernstein, Bernstein & Bernstein, Pittsburgh, Pa., for Robert O. Lampl.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

Presently before the Court is a Petition for Accounting filed on behalf of the United Steelworkers of America, hereinafter "Petitioners" wherein Petitioners seek an accounting of certain funds obtained from the Debtor's estate for the purpose of enabling Mesta's former employees to reacquire the Mesta West Homestead Plant.

The Court enters the following findings of fact. On February 9, 1983, Mesta Machine Company filed a petition under Chapter 11 of the Bankruptcy Code. On March 23, 1983 an application was filed for the appointment of an employees' committee wherein it was alleged that pursuant to 11 U.S.C. § 1102, the Court had the authority to appoint a Wage Earners' Committee. The application further averred that the claims of persons who wished to participate in the committee were representative of the claims of approximately 2,000 persons who were employed by Mesta Machine Company before February 9, 1983. After notice and hearing, an order was entered approving the appointment of the Hourly Employees Committee on May 6, 1983.

On May 6, 1983 an order was also entered confirming the sale of certain assets, including Mesta's West Homestead Plant,

to Park Corporation. Thereafter, an Application to Fund Feasibility Study was filed on behalf of the Hourly Employees Committee, wherein it was alleged that there was a reasonable likelihood that the West Homestead facility formerly operated by the Debtor could be purchased by former employees of the Debtor, thereby providing substantial employment opportunities. On December 14, 1983 an order was entered approving the advance of $20,000 by the Debtor to the Hourly Employees Committee for the purpose of producing appropriate studies and work needed to determine the feasibility of the proposed venture and to process the necessary paperwork. The order was consented to by Counsel for the Debtor; Counsel for the Unsecured Creditors Committee; Counsel for the Salaried Employees Committee; and Counsel for the Equity Security Holders Committee.

On April 25, 1984, the Committee of Hourly Employees filed a Motion to Solicit from Employees Assignments of Employee Distributions to MIHRR Corporation for the Purpose of Acquiring the West Homestead Pittsburgh Facility to Reopen Operations. MIHRR Corporation was a Pennsylvania corporation organized by the Hourly Employees Committee for the purpose of obtaining Mesta's West Homestead Pittsburgh manufacturing facility. Attached thereto was a six-page solicitation including the background of MIHRR Corporation; the proposal, including capital stock structure, proposed financing, and future employment opportunity; supporting information; and an assignment form. On April 30, 1984, the Court approved the solicitation and assignment attached to the motion as containing adequate information, and authorized the Hourly Employees Committee to mail the same to all employees of the Debtor.

The Bankruptcy Code 11 U.S.C. § 1145 provides for a limited exemption from securities laws for the debtor. That exemption does not appear to be available under these facts for a corporation created as a creditor dividend. This issue is not before this Court but supports the need for proper accounting of the expenses of the creation of this corporation.

The Amended Plan of Reorganization was confirmed by the Court on June 25, 1984. Class III was designated as the Allowed Claims of Hourly Employees (other than the Allowed Employee Priority Claims). The Amended Plan provided for the following treatment of their claims:

4.03 Class III Claims. Class III Claims are impaired by the Plan. On the Distribution Date, Mesta shall, in satisfaction of such Claims, pay or issue, as the case may be, to the holder of Class III Claims each holders' share of:

(a) Two Million Four Hundred Eleven Thousand Four Hundred Eighty-Three Dollars ($2,411,483).

(b) Certificates representing 50,000 shares of New Company Stock.

The distribution to the individual holders of Class III Claims shall be made in accordance with the recommendation of the Hourly Committee and upon the consent by Mesta and approval by the Court.

Article V of the Amended Plan, which was subsequently deleted by Order of Court dated October 10, 1984, was entitled "Purchase of Hourly Corporation Preferred Stock" and required the reorganized entity to purchase one-half of the Hourly Corporation Preferred Stock upon fulfillment by the Hourly Corporation of certain conditions precedent, including the execution of an agreement with Park Corporation for the purchase of the West Homestead Plant; and a firm loan commitment for the purchase price.

On June 21, 1984, an order was entered approving a supplemental distribution of $20,000 to the Hourly Employees Committee in connection with MIHRR Corporation. Prior thereto, on May 9, 1984, the Court entered an order providing, *inter alia*, as follows at numbered paragraph six:

6. Mesta shall pay to an Hourly Employee Trust, $500,000 of the monies allocated to the Hourly Employees as set forth in the Amended Plan of Reorganization, which $500,000 shall be either paid over to MIHRR Corporation, if such corporation acquires Mesta's former West Homestead, Pennsylvania

Plant or redistributed to hourly employees pursuant to supplemental order of Bankruptcy Court if such corporation does not acquire Mesta's former West Homestead, Pennsylvania plant.

As stated in Debtor's response to the petition at bar, on or about October 10, 1984, the Hourly Employees Committee advised Mesta that MIHRR Corporation had not received the necessary funding to enable it to purchase the West Homestead Plant as originally contemplated. It was represented that about this time Mellon Bank made clear their intention not to lend MIHRR Corporation the money needed and that hopes for a success of MIHRR Corporation became very dim.

Even so, on October 10, 1984, the Hourly Employees Committee filed a Motion to Amend Order for Hourly Employee Distribution wherein it was alleged that the expenses of acquisition of the former Mesta plant had exceeded the $40,000 which had previously been made available, and averred that the sum of $450,000 would be adequate to cover such expenses. Stated at numbered paragraph 12 was the following: "The Committee of Hourly Employees proposes that a fund of $450,000 be made available to MIHRR Corporation through a contribution from the Debtor's estate in the sum of $200,000, and a contribution of $250,000 from the $500,000 fund provided for in the Hourly Distribution Order." Numbered paragraph 13 further provided as follows:

13. The Committee of Hourly Employees has agreed to terminate the Debtor's obligations to purchase preferred stock of MIHRR Corporation pursuant to Article V of the Amended Plan and to fund MIHRR Corporation by a $500,000 payment under Paragraph 6 of the Hourly Distribution Order in exchange for the Debtor's participation in a funding of MIHRR Corporation as set forth in Paragraph 12 above.

On October 10, 1984, the Order of Court attached to the aforementioned motion was entered. It provided for the deletion of Article V of the Amended Plan of Reorganization which had obligated the Debtor to purchase one-half of the Hourly Corporation Preferred Stock upon the Hourly Corporation's fulfillment of certain conditions precedent. The Order further provided as follows at numbered paragraph 2:

2. Paragraph 6 of the May 9, 1984 Order of this Court providing for a detailed distribution to Hourly Employees (the "Hourly Distribution Order") is hereby modified in its entirety to read as follows:

"6. Mesta shall pay $250,000 to MIHRR Corporation."

Paragraph 4 of the October 10, 1984 Order further stated as follows:

4. All assignments by Hourly Employees of their distributions under the Amended Plan are hereby terminated and shall be deemed null and void and of no force or effect.

On October 23, 1984, an order was entered providing for modification of paragraph 4 of the October 10, 1984 order as follows:

4. The Debtor shall pay into an interest-bearing escrow account on the distribution date employee cash distributions which have been assigned to MIHRR CORPORATION in accordance with the assignments filed with the Bankruptcy Court to which no revocation has been made by employees to MIHRR CORPORATION or MESTA thirteen (13) days following the mailing of notice in the form attached. Said interest-bearing escrow account shall be held for the funding of MIHRR CORPORATION until November 30, 1984. On November 30, 1984, said funds shall be distributed to the assignors with interest, pro rata, unless a Motion to cause payment to MIHRR CORPORATION is docketed prior to November 30, 1984.

In Debtor's response to the Petition for Accounting at bar, Debtor avers that no action having been taken by the Hourly Employees Committee by November 30, 1984, Mesta made payment from the escrow account established under Judge Gibson's October 23, 1984 order to the assignor hourly employees.

On January 31, 1985, the Honorable Gerald K. Gibson entered a Final Decree closing the estate of Mesta Machine. On February 20, 1985, the Honorable Gerald J. Weber of the United States District Court for the Western District of Pennsylvania entered an order approving the final decree.

In the Petition for Accounting presently before the Court, the United Steelworkers allege that between December, 1983 and October, 1984, the Hourly Employees Committee obtained from the Debtor's estate three separate payments of Mesta Machine funds, totalling $490,000. It is further averred that in October, 1984, Mellon Bank declined to fund MIHRR Corporation's endeavor to reacquire the West Homestead, Pennsylvania plant. Although MIHRR failed to achieve its objective, its activities diverted nearly one-half million dollars from the hourly employees and retirees of Mesta when payments could have been made directly.

It is further averred that in approving the distribution of $490,000, the Court intended that the funds were to be used for the benefit of the hourly employees and retirees. Petitioners allege that no benefit has been received, and to date no accounting has been made. They therefore seek a detailed accounting indicating all distributions made by MIHRR, its principals, the committee and its counsel.

In its Motion to Dismiss Petition for Accounting, MIHRR alleges that the Court lacks jurisdiction for the estate of Mesta Machine was closed by order of Judge Gibson on January 31, 1985; and the order approving the final decree was entered by Judge Weber on February 20, 1985.

MIHRR further alleges that the Petitioners lack standing, for the United Steelworkers is not a scheduled creditor nor did it file a proof of claim. MIHRR also avers that the petition fails to state a claim in that no violation of an order has been alleged nor do the Steelworkers have a stake in the funds to be distributed.

Finally, MIHRR argues that the within petition is time-barred by laches, for the United Steelworkers were aware of all Orders of Court approving distribution to MIHRR; and although they had notice of all proceedings in the case, they neglected to inquire prior to the issuance of orders, or to appeal those orders with which they were dissatisfied.

In its Response to the Petition for Accounting, Debtor alleges that the Court is without jurisdiction to hear the Petition for Accounting in that the case has been closed by the issuance of a final decree: Debtor further alleges that the Steelworkers are not a party in interest, and therefore cannot petition the Court to reopen the case. Debtor finally avers that the instant action is time-barred by laches.

Prior to the hearing on this matter, Petitioners filed a Supplement to Petition for Accounting and Motion to Add Names of Individual Petitioners. Therein, Petitioners aver that the Court has expressly retained jurisdiction of this case pursuant to Article IX, Section 9.01(f) of Mesta's Amended Plan of Reorganization for the purpose of "enforc[ing] the provisions of the plan relating to payments and distributions to be made by Mesta on the Distribution Date and Mesta or New Company's investment in the Hourly Corporation."

Petitioners further state that the Steelworkers are a party in interest in these proceeding in that it has acted as the collective bargaining representative for virtually all of the hourly employees. Petitioners further move the Court to include two individual employee retirees as individual petitioners in these proceedings. It is further stated that the Hourly Employees Committee and its counsel, owing a fiduciary obligation and duty of undivided loyalty and fidelity to the hourly employees and retirees of Mesta, caused $200,000 to go to MIHRR Corporation when this money could have been paid directly to the hourly employees and retirees.

Petitioners seek the relief requested in the original petition. In the alternative, Petitioners request that the Court consider the Petition for Accounting and Supplement thereto as a Petition to Reopen the Bankruptcy Case for the limited purpose of seeking an accounting of the funds distrib-

uted to MIHRR Corporation and the Hourly Employees Committee.

█ The Court now examines the provisions of the Bankruptcy Code which govern the dispute at bar. 11 U.S.C. § 350(b) provides as follows:

> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for cause.

Under the circumstances as previously outlined, the Court is satisfied that there exists at least sufficient cause to reopen the case for the limited purpose set forth in the Petition for Accounting. It is the undisputable understanding of all parties involved, except the defendant, that MIHRR Corporation was created solely for the benefit of the Hourly Employees Class. The Court believes that the creation of the MIHRR Corporation could only have been allowed as a dividend to a class such as the Hourly Employees Class. The creation of a potential ESOP type corporation for any purpose except as a dividend to the class would not be proper as part of a Bankruptcy Plan. It is beyond argument that these funds were dedicated to assist the hourly employees in their efforts to reacquire the Mesta West Homestead plant. Unfortunately, the original purposes of the MIHRR Corporation have not been accomplished. The hourly employees are entitled to an accounting by their fiduciaries as to the expenditure made with these funds and to the fidelity with which they were made.

Section 350(b) of the Bankruptcy Code confers upon the Court broad discretion to reopen a case in the event that sufficient cause exists. In that light, the argument advanced by co-counsel for the Hourly Employees Committee that neither this Court or any other Court nor the intended beneficiaries of MIHRR Corporation can now inquire into the use of the funds is particularly arrogant, intolerable, and shocks the conscious of the Court. In light of the statutory power conferred upon the Court in § 350(b), it is unnecessary to reach FRCP 60(b) as made applicable to this proceeding by B.R. 9024 for the purpose of reopening this case.

█ As a final matter, B.R. 5010 provides that a case may be reopened upon request of a party in interest or the debtor. The Court is satisfied that the Petitioners herein meet the requirement of "party in interest" for purposes of B.R. 5010. The Court believes that a collective bargaining representative is a creditor within the meaning of § 1102(c), *In re Altair Airlines, Inc.*, 727 F.2d 88 (3d Cir.1984). Additionally, the requirement of "party in interest" has been met by Petitioner's motion to include two former employees in the Petition for Accounting which has been granted by the Court.

The Court finds that a proper accounting has not been provided and that an accounting is owed to the members of the class for which the dividend was intended. Based upon the foregoing, the Court reopens the above-captioned case pursuant to 11 U.S.C. § 350(b) for the limited purpose set forth in the Petition for Accounting.